**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES DOMINIC DENNIS,** | : | |
| Plaintiff, | : | CIVIL ACTION NO. 1:11-1293 |
| v. | : | (KANE, C.J.) |
| | | (MANNION, M.J.) |
| **OFFICER BRIAN FEENEY; DALLAS TWP. POLICE DEPARTMENT** | : | |
| | : | |
| Defendants. | | |

### REPORT AND RECOMMENDATION[1]

On July 12, 2011, the plaintiff, a former inmate at the Luzerne County Correctional Facility, Wilkes-Barre, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. §1983 in which he alleges violations of his constitutional rights. (Doc. No. 1). On July 18, 2011 the court received returned mail stating that the inmate was released from custody. (Doc. No. 7). The Court re-mailed the documents to the plaintiff, one of which was the Standing Practice Order. (Doc. No. 4). Section C of the Standing Practice Order is as follows:

> **C. A Pro Se Plaintiff's Obligation to Inform the Court of Address Changes.**
>
> **A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her current address. If the plaintiff changes his or her address while this lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing. If the court is unable to**

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

**communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit.**

On July 27, 2011 this court issued an order directing the plaintiff, who had recently been released from custody, to file the appropriate application to proceed *in forma pauperis*. (Doc. No. 9).

On August 19, 2011 the plaintiff, in compliance with this court's prior order, (Doc. No. 9), filed the appropriate application to proceed *in forma pauperis.* (Doc. No. 10)

On September 7, 2011 this court vacated the Administrative Order and ordered that the summons be issued and served upon the defendants. On October 5, 2011 the defendants responded to the plaintiff's complaint by filing a motion to dismiss.

On October 26, 2011, the Court received a letter from counsel for the defendants regarding problems serving the plaintiff with copies of documents as is required by the Federal Rules of Civil Procedure as well as the Court's local rules. (Doc. No. 22).

On November 3, 2011 this court issued an order directing the plaintiff to supply the court with his correct address and advising the plaintiff that "... should the plaintiff fail to keep his address current with the court, his case may be dismissed for failure to follow a court order." (Doc. No. 23). The Court notes that the plaintiff has had no communication with the Court since the filing of his *in forma pauperis* motion on August 19, 2011.

The plaintiff's failure to comply with this Court's order constitutes a failure to prosecute this action and therefore this action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b), which states in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

The Third Circuit has long held that Rule 41(b) does not prohibit the *sua sponte* dismissal of actions against a defendant.

> As was said in *Link v. Wabash R.R.*, where the plaintiff argued that FRCP 41(b) by negative implication prohibits involuntary dismissal except on motion by the defendant, no restriction on the district court's power should be implied: 'The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'

*Kenney v. Cal. Tanker Co.*, 381 F.2d 775, 777 (3d Cir. 1967).

In the instant action, the Court cannot properly control its docket, move this action forward and properly protect the rights of all parties if the plaintiff fails to comply with orders issued by this Court. Moreover, such conduct should not be condoned in light of the large prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the instant action be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b) and this Court's inherent powers.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION
United States Magistrate Judge**

**Date: November 16, 2011**

O:\shared\REPORTS\2011 Reports\11-1293-01.wpd