**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES DOMINIC DENNIS,** | : | |
| **Plaintiff** | : | **No. 1:11-cv-1293** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **OFFICER BRIAN FEENEY, and DALLAS** | : | **(Magistrate Judge Mannion)** |
| **TOWNSHIP POLICE DEPARTMENT,** | : | |
| **Defendants** | : | |

## ORDER

Pending before the Court is a Report and Recommendation prepared by Magistrate Judge Mannion recommending that Plaintiff's complaint be dismissed for failure to prosecute the action pursuant to Federal Rule of Civil Procedure 41(b). (Doc. No. 25.) Plaintiff has not filed any objections. For the reasons that follow, the Court will adopt the Report and Recommendation.

On May 15, 2011, Plaintiff was arrested after his mother-in-law reported a domestic disturbance between Plaintiff and his wife. On July 12, 2011, Plaintiff filed a complaint against Officer Brian Feeney and Dallas Township Police Department, alleging constitutional violations and tort claims stemming from Plaintiff's arrest. (Doc. No. 1.) When he filed his complaint, Plaintiff was an inmate at the Luzerne County Correctional Facility; however, he has since been released. On July 19, 2011, the Court received a letter from Plaintiff directing the Court to send all correspondences to 1250 Lower Demunds Road, Dallas, PA 18612. (Doc. No. 8.) On October 5, 2011, Defendants filed a motion to dismiss Plaintiff's complaint, and on October 19, 2011, Defendants filed a brief in support. (Doc. Nos. 16, 21.) Defendants certified that they sent a copy of the motion to Plaintiff at three different addresses, including 1250 Lower Demunds

Road in Dallas.  (Doc. No. 16 at 4.)  On October 26, 2011, Defendants filed a letter with the

Court, explaining that they have had trouble determining Plaintiff's correct address.  (Doc. No.

22.)  On November 3, 2011, the Court ordered Plaintiff to supply the Court with his correct

address or risk dismissal for failure to follow a court order.  (Doc. No. 23.)  The Court sent this

order to Plaintiff at 1250 Lower Demunds Road; however, the order was returned to the Court as

non-deliverable.  (Doc. No. 24.)  On November 16, 2011, Magistrate Judge Mannion issued a

Report and Recommendation, recommending that the Court dismiss the case for failure to

prosecute pursuant to Rule 41(b).

Prior to dismissing a case under Rule 41(b), the Court must first consider the factors

articulated by the United States Court of Appeals for the Third Circuit in Poulis v. State Farm

Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984).  Emerson v. Thiel College, 296 F.3d 184,

190 (3d Cir. 2002).  The factors to balance are:

> (1) the extent of the party's personal responsibility; (2) the prejudice
> to the adversary caused by the failure to meet scheduling orders and
> respond to discovery; (3) a history of dilatoriness; (4) whether the
> conduct of the party or the attorney was willful or in bad faith; (5) the
> effectiveness of sanctions other than dismissal, which entails an
> analysis of alternative sanctions; and (6) the meritoriousness of the
> claim or defense.

Id. (citing Poulis, 747 F.2d at 868).  The Court has balanced the Poulis factors in this case and

finds that the factors weigh in favor of dismissal.

Regarding the first factor, Plaintiff is proceeding pro se, and is thus personally

responsible for informing the Court of his address and complying with Court orders.

With respect to the second factor, the Court is without sufficient information to support a

finding that Plaintiff's delays have materially prejudiced Defendants.  "Generally, prejudice

2

includes the irretrievable loss of evidence, the inevitable dimming of witness memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." <u>Briscoe v. Klaus</u>, 538 F.3d 252, 259 (3d Cir. 2008) (internal quotation marks and citation omitted).  But "prejudice is not limited to 'irremediable' or 'irreparable' harm.  It also includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." <u>Id.</u>  (internal citations and quotation marks omitted).  Plaintiff's repeated delays and failure to participate in this litigation have likely frustrated Defendants.  However, nothing has been presented to the Court to suggest that Plaintiff's delays have materially prejudiced Defendants beyond mere inconvenience and additional costs of litigation.  <u>See Adams v. Trs. of N.J. Brewery Emps. Pension Trust Fund</u>, 29 F.3d 863, 874 (3d Cir. 1994) ("It is possible the [defendants] may suffer some prejudice from this delay, in the form of additional costs or lost information.  But there has been no testimony to this effect, and such prejudice, if it exists, would be minor and appropriately addressed by more modest sanctions than dismissal.").  Thus, this factor does not weigh in favor of dismissal.

Third, Plaintiff's repeated failure to respond to motions and orders evinces a history of dilatoriness weighing in favor of dismissal.  Plaintiff's history of dilatoriness is further supported by his failure to comply with court orders in another case that he initiated in this Court.  <u>See Dennis v. Evans</u>, No. 1:09-cv-656.

Fourth, although he was given opportunities to respond to Defendants' motion to dismiss, to inform the Court of his current address, and to file objections to the Report and Recommendation, Plaintiff has not provided the Court with any reason for his nonperformance.  Thus, while the Court does not have sufficient information to support a finding of bad faith or

3

willfulness, this factor cannot be said to weigh against dismissal.  In the absence of any

explanation for Plaintiff's failure to prosecute, this factor is neutral to the Court's analysis.

Fifth, monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent,

having already been granted in forma pauperis status.

Finally, as to the sixth factor, "[a] claim . . . will be deemed meritorious when the

allegations of the pleadings, if established at trial, would support recovery by plaintiff . . . ."

Poulis, 747 F.2d at 870.  Plaintiff's complaint can be liberally construed to allege claims for: (1)

warrantless search; (2) false arrest; (3) malicious prosecution; (4) deprivation of substantive due

process; and (5) slander.  Plaintiff's claims appear to be doubtful at best, thus this factor weighs

in favor of dismissal.

First, Plaintiff's claims against the Dallas Township Police Department must fail as a

matter of law, because police departments are not proper defendants under 42 U.S.C. § 1983.

Martin v. Red Lion Police Dept., 146 F. App'x 558, 562 n.3 (3d Cir. 2005).  Further, the Dallas

Township Police Department is not liable through respondeat superior for the conduct of Officer

Feeney, as Plaintiff's complaint does not allege that his "conduct implements an official policy

or practice."  Hill v. Borough of Kutztown, 455 F.3d 225, 245 (3d Cir. 2006).

Likewise, Plaintiff's claims against Officer Feeney appear to lack merit.  First, Plaintiff's

claim for warrantless search would likely fail.  Based on public records of a 911 call from

Plaintiff's mother-in-law,[1] Officer Feeney appears to have been justified in entering Plaintiff's

---

[1] Public records such as the transcript from a 911 call can be considered in ruling on a
motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.
See Shelley v. Wilson, 339 F. App'x 136, 137 (3d Cir. 2009); Pension Benefit Guar. Corp. v.
White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).  Therefore, the transcript is also
appropriate to consider in determining the meritoriousness of Plaintiff's claims.  See Briscoe v.

home without a warrant.  Because Plaintiff's mother-in-law reported to 911 operators that

Plaintiff nearly hit his wife with a hammer, and was intoxicated, both probable cause and exigent

circumstances likely existed.  See Brigham City v. Stuart, 547 U.S. 398, 403 (2006) ("One

exigency obviating the requirement of a warrant is the need to assist persons who are seriously

injured or threatened with such injury."); United States v. Coles, 437 F.3d 361, 365 (3d Cir.

2006) ("Warrantless searches and seizures inside someone's home . . . are presumptively

unreasonable unless the occupants consent or probable cause and exigent circumstances exist to

justify the intrusion.") (emphasis in original).  Because probable cause likely existed, and

because Plaintiff pleaded guilty to simple assault, Plaintiff's false arrest claim and malicious

prosecution claim would likely fail as well.  See Backof v. N.J. State Police, 92 F. App'x 852,

856 (3d Cir. 2004) (holding that a malicious prosecution claim requires, inter alia, "an absence of

probable cause for initiation of the criminal proceedings"); Dowling v. Philadelphia, 855 F.2d

136, 141 (3d Cir. 1988) ("The proper inquiry in a section 1983 claim based on false arrest or

misuse of the criminal process is . . . whether the arresting officers had probable cause to believe

the person arrested had committed the offense.").

   Plaintiff's claim that he was harassed by Officer Feeney can be construed as a

deprivation of due process claim.  However, Plaintiff's deprivation of due process claim also

appears to lack merit.  Plaintiff has not identified a fundamental right, nor has he alleged that

Officer Feeney's behavior was "so egregious and outrageous that it may fairly be said to shock

the contemporary conscience."  Cnty. of Sacramento v. Lewis, 523 U.S. 833, 847 n.8 (1998).

---

Klaus, 538 F.3d 252 (3d Cir. 2008) ("Generally, in determining whether a plaintiff's claim is
meritorious, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a
claim.") (citing Poulis, 747 F.2d at 869-70).

Instead, Officer Feeney's behavior appears to have been appropriate in light of the domestic abuse situation between Plaintiff and his wife.

Finally, Plaintiff's slander claim lacks merit, as he has failed to identify any defamatory statements made by Officer Feeney.  See 42 Pa. Cons. Stat. § 8343 (setting forth the elements of a defamation claim).  Thus, Plaintiff's claims all appear to lack merit, and the sixth Poulis factor weighs in favor of dismissal of this case.

In balancing the Poulis factors, the Third Circuit has explained that "no single Poulis factor is dispositive," and "not all of the Poulis factors need be satisfied in order to dismiss a complaint."  Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  There is no "magic formula" to determine how the Poulis factors should be balanced, and the determination is within the district court's discretion. Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008).  In this case, while Plaintiff's delay has not yet materially prejudiced Defendants and the Court lacks sufficient information to find that Plaintiff is acting either willfully or in bad faith in failing to prosecute his claim, all of the other Poulis factors support dismissal.  Plaintiff's failure to keep the Court informed of his current address, to respond to Defendants' motions, and to comply with Court orders warrants dismissal pursuant to Federal Rule of Civil Procedure 41(b).

**ACCORDINGLY**, on this 23rd  day of January 2012, **IT IS HEREBY ORDERED THAT** the Report and Recommendation of Magistrate Judge Mannion (Doc. No. 25) is

**ADOPTED** consistent with the foregoing reasoning, and this case is **DISMISSED WITH**

**PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).  The Clerk of Court is directed

to close the case.

　S/ Yvette Kane　　　　　　　　
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania